Mahar v General Elec. Co. (2020 NY Slip Op 06715)





Mahar v General Elec. Co.


2020 NY Slip Op 06715


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 653648/18 Appeal No. 12409 Case No. 2019-05203 

[*1]Kevin D. Mahar et al., Plaintiffs-Respondents,
v
General Electric Company et al., Defendants-Appellants.


Latham & Watkins LLP, Washington, DC (Roman Martinez of the bar of the District of Columbia, admitted pro hac vice, of counsel), for General Electric Company, Jeffrey R. Immelt, Jeffrey S. Bornstein, Jan R. Hauser, John L. Flannery and Douglas A. Warner III, appellants.
Willkie Farr & Gallagher LLP, New York (Antonio Yanez, Jr. of counsel), for KPMG LLP, appellant.
Glancy Prongay & Murray LLP, New York (Daniella Quitt of counsel), for respondents.



Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about October 15, 2019, which, inter alia, denied defendants' motions to dismiss the complaint, unanimously affirmed, with costs.
Plaintiffs are investors in defendant General Electric Company (GE) through GE's direct stock purchase and dividend plan known as "GE Stock Direct" (the Plan). In order to sell securities through the Plan, GE was required to file certain registration statements with the SEC. Plaintiffs maintain that in purchasing shares through the Plan between July 20, 2015 and July 19, 2018, they relied on three such registration statements, which incorporated representations made or authorized by defendants that were materially misleading, in violation of the Securities Exchange Act of 1933 (the 1933 Act).
While also pursuing claims under the Securities Exchange Act of 1934 in a related federal class action, plaintiffs brought this putative class action under article 9 of the CPLR, asserting their claims on behalf of themselves and similarly situated individuals under section 11 (15 USC § 77k), section 12(a)(2) (15 USC § 77l [a] [2]), and section 15 (15 USC § 77o) of the 1933 Act. Defendants moved to dismiss, asserting that plaintiffs lacked standing to bring those claims. The motion court denied the motion, finding that plaintiffs had adequately pleaded their standing to bring each of the 1933 Act claims.
On the section 11 claims, the parties do not dispute that the registration statements here relate to continuous offerings called "shelf" registrations under 17 CFR 230.415 (rule 415), but disagree as to whether a shelf registration statement applies to all shares sold through the Plan. Defendants maintain that plaintiffs cannot "trace" their shares to the relevant registration statements for section 11 standing purposes, because the Plan sells shares purchased in the open market in addition to shares issued under the rule 415 registration statements. Plaintiffs argue that under rule 415, all shares sold through the Plan, regardless of how they were obtained, necessarily are subject to the shelf registration statements. We need not resolve the issue on this pre-answer motion to dismiss, because plaintiffs are not required to prove how they will trace their shares at the pleadings stage (see In re Petrobras Sec. Litig. , 116 F Supp 3d 368, 384 [SD NY 2015]). Rather, plaintiffs have adequately alleged that they "(1) purchased a registered security . . . directly from the issuer []; (2) the defendant participated in the offering in the manner specified by the statute; and (3) the registration statement contained an untrue statement of a material fact or omitted to state a material fact," thus the motion court properly determined that plaintiffs have standing to assert a section 11 claim (see In re Wachovia Equity Sec. Litig. , 753 F Supp 2d 326, 367 [SD NY 2011] [internal quotation marks omitted]).
As for the section 12 claim, the motion court properly determined that the amended complaint adequately alleged that GE was a statutory seller (15 USC § 77l[a][2]). Under 17 CFR § 230.405, The Plan constitutes an offering of securities and here, GE touted the direct nature of the Plan on its website and marketing materials. Although defendants assert that the Plan, and not GE, is plaintiffs' statutory seller and cite Pinter v Dahl (486 US 622, 644 n 21 [1988]) for the proposition that "a buyer cannot recover against his seller's seller," at this stage, plaintiffs have pleaded adequate facts asserting that GE is a statutory seller for the purposes of section 12(a)(2) (15 USC § 77l[a][2]; see also Wilson v Saintine Exploration and Drilling Corp. , 872 F2d 1124, 1125 [2d Cir 1989]).
Section 15 imposes joint and several liability on "[e]very person who, by or through stock ownership, agency, or otherwise . . . controls any person liable under" section 11 or 12 (15 USC § 77o[a]). Because the section 11 and 12 claims survive, the section 15 claim survives as well (see In re BioScrip, Inc. Sec. Litig. , 95 F Supp 3d 711, 746 [SD NY 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020